# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RUBLE L. HECK,**

                        **Plaintiff,**

**-vs-**                                                    **Case No.  6:09-cv-1144-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

                        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:     MOTION FOR ENTRY OF JUDGMENT 0N REMAND
> (Doc. No. 22)**
>
> **FILED:       April 13, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

     Plaintiff files this action *pro se,* seeking review of an unfavorable determination with respect

to his administrative appeal of Defendant's decision to deny Plaintiff certain retirement benefits

"based on the removal of four years of credits posted initially by the SSA after these four years had

been submitted to SSA by the Internal Revenue Service as FICA self employment income" (Doc. No.

1).  Defendant filed an Answer denying the claim (Doc. No. 17), and filing the Certified Record (Doc.

No. 19).  By motion, Plaintiff sought an extension of time in which to file his memorandum, asserting

that the Certified Record was fatally incomplete (Doc. No. 20).  Specifically, Plaintiff stated:

At the crux of Plaintiff's claim is the fact that the SSA first entered credits to his earnings record, then removed those earnings credits which had been forwarded by the IRS to the SSA as FICA income.

The paper trial which shows these posted earnings and then their deletion is not included in the record and Plaintiff feels this documentation is critical to his claim.

(Doc. No. 20).

Defendant agreed that "there were missing documents in the record" and Plaintiff noted that Defendant was "attempting to get the issue resolved." *Id.* The Court granted the requested extension, and the instant motion followed shortly thereafter. Plaintiff opposes the relief sought (Doc. No. 23). While the Court is not unsympathetic to the inherent delay remand will entail, it is nonetheless **respectfully recommended** that the motion be **granted.**

## STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.

1991).  Of critical import in reviewing the instant motion, the district court must view the evidence

as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67

F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize

the entire record to determine reasonableness of factual findings).

The district court may remand a case to the Commissioner for a rehearing under sentence four

of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v.*

*Chater*, 99 F.3d 1086, 1089-92, 1095, 1098 (11th Cir.1996).  To remand under sentence four, the

district court must either find that the Commissioner's decision is not supported by substantial

evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.

*Jackson*, 99 F.3d at 1090-91 (remand appropriate where ALJ failed to develop a full and fair record

of claimant's residual functional capacity).

### ANALYSIS

The motion seeks remand pursuant to sentence four of the Social Security Act (42 U.S.C.

§ 405(g)), for the following reasons:

> The Commissioner has not resolved all factual determinations and cannot resolve them
> without additional evaluation of this case. On remand, the administrative law judge
> (ALJ) will offer Plaintiff the opportunity to review the record and appear at a hearing.
> The ALJ will admit all relevant evidence into the record, including the earnings report
> discussed at the November 13, 2007, hearing (Tr. 107-25) but not included in the List
> of Exhibits. The ALJ will also make findings regarding whether the earnings posted
> for 1999-2002 were properly deleted and issue a new decision.

(Doc. No. 22).

Plaintiff objects to this relief, contending that he has "been there – done that" and claiming

that Defendant has not "earned another chance" (Doc. No. 23).   Plaintiff admits that the earnings

record that is the crux of the case is lost and cannot be located by Defendant, but urges the Court to

proceed anyway, based on what is in the record, and "decide the legal issues regarding Bankruptcy tolling events and how they would effect SSA in regard to an out of the country IRS self-employment income filer who was precluded by Bankruptcy Law from timely (under SSA standards) filing his returns." (Doc. No. 23). The Court must decline to do so.

As set forth in the standard of review, it is not the task of the Court to determine applications for social security benefits in the first instance. Rather, this Court sits in these cases as a court of limited review, viewing the evidence as a whole and addressing whether the Defendant applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. Applied here, Defendant has admitted that substantial evidence does not support the decision under review. The Commissioner asserts that is has not resolved the critical factual dispute in the record, and cannot do so, absent further development of the factual record on remand. It is undisputed that the Commissioner has "lost" what Plaintiff calls "critical" evidence with respect to his claim. While the Court appreciates Plaintiff's frustration, the Court is without authority to perform that factual development and make an initial benefit determination for the agency in the context of this judicial proceeding. As set forth above, remand under sentence four is appropriate where the ALJ did not develop a full and fair record and to the extent Plaintiff contends that Defendant did not apply the correct legal standards. *See also Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993) ("Generally, a reversal with remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards.").

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted,** and that the Court enter judgment in Plaintiff's favor **reversing** the administrative decision and **remanding** for additional proceedings and findings, as outlined in the motion.

-4-

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy